RESOLUCIÓN
A la moción de reconsideración de la Resolución del 11 de octubre de 2013, no ha lugar.
Mediante su moción el Ledo. Edwin Barreto Tubens so-licita que reconsideremos y revoquemos la sentencia del Tribunal de Apelaciones que confirmó una determinación del Hon. Edwin Ruiz González, juez superior del Tribunal de Bayamón, en la que se le encontró incurso en el delito de desacato criminal por conducta catalogada como insolente y desdeñosa.
*228 Los hechos que dieron paso a este procedimiento ocu-rrieron en una vista preliminar. Durante su turno para contrainterrogar a una de las testigos de cargo, el licen-ciado Barreto Tubens, en representación del imputado, co-menzó una línea de preguntas que fue objetada por el Mi-nisterio Público. El juez Ruiz González sostuvo la objeción, pero el licenciado continuó con la línea de preguntas que habían sido declaradas impertinentes. Ante esa situación, el tribunal llamó la atención al licenciado, pero este no acató las determinaciones del juez e insistió en continuar con esas preguntas.
Mientras esto ocurría, la testigo se levantó de su silla y se arrodilló frente al juez suplicando que no la hiciera testificar. El juez le solicitó que se levantara del piso y esta comenzó a llorar y alzar la voz, lo cual ocasionó que los procedimientos se entorpecieran. En este momento, el li-cenciado Barreto Tubens expresó: “esto es una barbari-dad”, refiriéndose a los procedimientos de la sala.
Por lo anterior, el juez Ruiz González declaró culpable sumariamente al licenciado Barreto Tubens del delito de desacato y lo condenó a una pena de cien dólares de multa o un día de cárcel por cada cincuenta dólares que deje sin satisfacer. El Tribunal de Apelaciones confirmó esta determinación.
Como es sabido, la conducta dirigida a interrumpir los procedimientos en el foro judicial y menoscabar el respeto del tribunal constituye el delito desacato criminal. Véase In re Cruz Aponte, 159 DPR 170 (2003). Del mismo modo, hemos reiterado la importancia de que los jueces puedan imponer desacatos para lograr que los procedimientos ju-diciales se lleven a cabo de forma ordenada. Véase Pueblo v. Cuevas Velázquez, 103 DPR 290 (1975).
Este Tribunal no está en las mismas condiciones que el foro primario para poder determinar el verdadero alcance de las frases y palabras pronunciadas en dicho tribunal de instancia, ya que no se puede conocer el tono de voz en que *229 se pronunciaron ni la actitud y los gestos que pudieron acompañarlas. Pueblo v. Báez, 72 DPR 175, 181 (1951). Por ello, una sentencia que declare culpable de desacato criminal no debe revocarse a menos que claramente no se haya cometido algún desacato, demostrándose así que la corte ejercitó su autoridad caprichosa, opresiva y arbitrariamente. Id. Nuestra tarea no es adjudicar este caso de novo. Es decir, nuestro análisis no es si alguno de nosotros habríamos encontrado al peticionario incurso en desacato, sino si el juez que presidió la sala abusó de su discreción al hacerlo. VDE Corporation v. F & R Contractors, 180 DPR 21, 41 (2010); Pueblo v. Rivera Santiago, 176 DPR 559, 580 (2009).
Se sabe que “[l]a tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Sin embargo, no tenemos duda de que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad”. Rivera y otros v. Bco. Popular, 152 DPR 140, 155 (2000).
Luego de examinar con detenimiento el expediente de este caso, incluso la grabación de los procedimientos ante el Tribunal de Primera Instancia, coincidimos con el Tribunal de Apelaciones en que la conducta observada por el letrado fue “desdeñosa e insolente tanto hacia el juez como a los procedimientos judiciales”. Petición de certiorari, Apéndice, pág. 79. La reiterada desobediencia a las determinaciones del tribunal, así como su última expresión, de-muestran un comportamiento tendente a “mancillar el orden y decoro indispensable [para el] funcionamiento judicial”. Id. Por ende, concluimos que el Hon. Edwin Ruiz González no abusó de su discreción al imponer el desacato para mantener el orden en su sala.
Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.
El Juez Asociado Señor Estrella Martínez emitió un voto particular disidente, al cual se unieron la Juez Asociada Señora Rodríguez Rodríguez, el Juez Aso- *230 ciado Señor Kolthoff Caraballo y el Juez Asociado Señor Rivera García.
(.Fdo.) Aida Ileana Oquendo Graulau Secretaria del Tribunal Supremo